**SIGNED this 12 day of September, 2019.**



```
_____
       John T. Laney, III
    United States Bankruptcy Judge
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **KENNETH E. BROWNLEE, and** | ) | Case No. 17-70283-JTL |
| **JANICE J. BROWNLEE,** | ) | |
| | ) | **Chapter 7 Proceeding** |
| Debtors. | ) | |
| | ) | |
| | ) | |
| **WALTER W KELLEY, Trustee,** | ) | |
| Plaintiff, | ) | |
| | ) | **Adversary Proceeding** |
| v. | ) | **No. 19-07009** |
| | ) | |
| **JACK GOFORTH & LANA STONE** | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The above styled case came before the Court on cross-motions for summary judgment.

(Pl.'s Mot. for Summ. J., A.P. No. 18; Def.'s Mot. for Summ. J., A.P. No. 27). In this case, the

Chapter 7 Trustee, Walter Kelley, asserts an action under 11 U.S.C. § 544(a)(3) to avoid a transfer made from the Debtors to the Defendants, Jack Goforth and Lana Stone. Trustee argues that the Deed to Secure Debt (Deed) for the property in question was not properly attested to and, as a result, the Deed was not eligible for recordation and therefore was incapable of providing constructive notice to subsequent bona fide purchasers. Defendants argue that, because the Deed did not have any defects on its face and was properly filed and recorded, the Deed met the requirements necessary to provide constructive notice. Both Parties seek summary judgment to determine whether the Deed provided constructive notice to subsequent bona fide purchasers.

For the reasons stated below, the Court concludes that, because the attestation of the Deed resulted in a latent rather than a patent defect, the Deed was capable of providing the required constructive notice to subsequent bona fide purchasers. In light of this, Defendants' motion is granted and Trustee's motion is denied.

I.    SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, states that a court may grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When "there are no disputed facts and the only issue is the application of law to the undisputed facts, a court may decide at the Rule 56 stage that one side or the other is entitled to judgment." *Harris v. Liberty Cmty. Mgmt.*, 702 F.3d 1298, 1303 (11th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

Here, while the parties have not stipulated to a set of facts, there is agreement to the relevant facts that are applicable to the matter before the Court. (*See* Statement of Uncontested Facts, A.P. No. 31, Response with Opposition to Plaintiff's Statement of Uncontested Facts, A.P. No. 26, Statement of Uncontested Facts, A.P. No. 29, Response with Opposition to Defendants'

Statement of Uncontested Material Facts, A.P. No. 36). Because the issue before the Court is how the law applies to the facts, this issue is well suited for disposition by summary judgment.

## II.    PROCEDURAL POSTURE AND FACTS PLED

In this case, Debtors Kenneth and Janice Brownlee filed a Chapter 11 petition on March 21, 2017. (Pet., Bankr. Doc. No. 1). On March 7, 2018, this Court entered an order converting the case to a Chapter 7 proceeding. (Order Granting Mot. to Convert Case, Bankr. Doc. No. 125). Prior to filing this case, the Debtors transferred their interest in real property, 8.24 acres in Tift County, Georgia, to Defendants on February 2, 2015. (Statement of Uncontested Facts, A.P. No. 29 ¶ 1). The Deed for this property was recorded in the Tift County Clerk's Office on June 9, 2016. (Statement of Uncontested Facts, A.P. No. 29 ¶ 2). Jack Goforth, one of the two grantees named in the Deed and a Defendant in this adversary proceeding, was also an attesting witness to the transfer of the Deed. (Statement of Uncontested Facts, A.P. No. 29 ¶ 3, 4). Trustee has since brought this action to avoid the transfer of property from Debtors Kenneth and Janice Brownlee to Defendants Jack Goforth and Lana Stone.

## III.    DISCUSSION

Under 11 U.S.C. §544(a)(3), a Trustee has the power to "avoid any transfer of property of the debtor. . .that is voidable by—a bona fide purchaser of real property." 11 U.S.C.§544(a)(3). Trustee argues that the transfer of the property in question from Debtors to Defendants can be voided by a bona fide purchaser because the Deed was improperly attested and therefore failed to provide constructive notice. In Georgia, in order to record a mortgage, such mortgage must be signed by a statutory officer and at least one other witness. O.C.G.A. §44-14-33. The statute continues: "In the absence of fraud, if a mortgage is duly signed, witnessed, filed, recorded, and indexed on the appropriate county land records, such recordation shall be deemed constructive

notice to subsequent bona fide purchasers." Id. Consequently, the Court must determine whether the Deed transferring the property from the Debtors to the Defendants properly provided constructive notice to subsequent bona fide purchasers—here, the Trustee. Both parties agree that the Deed existed and that such Deed was recorded by an appropriate clerk in Tift County. Both parties also agree, and the Deed shows, that the Deed was attested to by two separate witnesses. The Georgia Supreme Court has held "a deed which, on its face, complies with all statutory requirements is entitled to be recorded, and once accepted and filed with the clerk of court for record, provides constructive notice to the world." *Leeds Building Prod., Inc. v. Sears Mortg. Corp.*, 267 Ga. 300, 301 (1996). As a result, the question becomes whether the Deed "on its face" met the statutory requirements in order to be entitled to recordation.

Trustee argues the Deed is defective because the Deed was attested to by one of the Grantees. Defendants argue, however, despite the fact the Deed was signed by a Grantee, the Deed is not facially defective and, therefore, still provides notice to subsequent purchasers. When a deed fails to meet the statutory requirements for proper recordation, the deed is considered to be defective. There are two different types of defects: a "latent" defect is one that results in "an irregular attestation that appears regular on its face" while a "patent" defect is one that "is obviously defective on its face." *U.S. Bank Nat'l Ass'n v. Gordon*, 289 Ga. 12, 13 (2011) (quoting *U.S. Bank Nat'l Ass'n v. Gordon*, N.D. Ga. Case No. 1:10-CV-186-ODE). In *U.S. Bank Nat'l Ass'n v. Gordon*, the Georgia Supreme Court held "a security deed which appears on its face to be properly attested should be admitted to record." *U.S. Bank Nat'l Ass'n v. Gordon*, 289 Ga. 12, 15 (2011). However, the Georgia Supreme Court also held in that same case that "a deed that shows on its face that it was 'not properly attested or acknowledged, as required by statute,

4

is ineligible for recording.'" Id., (quoting *Higdon v. Gates*, 238 Ga. 105, 107 (1976)). Here, the Court must determine whether the defective attestation is a latent or a patent defect.

As stated above, a latently defective attestation is one that appears regular on its face. Because of this, further investigation is required in order to determine the defective nature: "The substance of the notice required must be sufficient to 'place a person of ordinary prudence fully upon his guard and induce serious inquiry.'" *Leeds Building Prod., Inc. v. Sears Mortg. Corp.*, 267 Ga. 300, 301 (1996) (quoting *Gardner v. Granniss*, 57 Ga. 539, 557 (1876)). It is this further investigation that constitutes constructive notice. This is because a subsequent, bona fide purchaser would still be expected to complete the due diligence required to seek out other interests in the property, including a title search.

Here, a title search would reveal that there is in fact a deed transferring the property from the Debtors to Defendants that features the required two, separate attestations. The Trustee argues that the Deed is patently defective because the Deed plainly shows Goforth's name as both a Grantee and an attesting witness; however such attestation can hardly be said to be "obviously defective on its face." *U.S. Bank Nat'l Ass'n v. Gordon*, 289 Ga. 12, 13 (2011). As Defendants argue, one would have to search to determine whether the Grantee is *actually* the same person who attested to the deed; this is, in itself, the "serious inquiry" mentioned in *Leeds*. The statutorily required two signatures are present on the face of the Deed and the Deed also includes a notary seal—facially, there are no issues with the Deed. The Deed, as recorded, plainly provides constructive notice, then, due to the impetus placed on interested parties to further investigate the ownership interest of the property. Therefore, because the Deed contains two valid signatures and was "witnessed, filed, recorded, and indexed on the appropriate county

5

land records," Georgia law states the Deed "shall be deemed constructive notice to subsequent bona fide purchasers." O.C.G.A. § 44-14-33.

### IV.    Conclusion

The Trustee seeks to avoid the transfer of real property between the Debtors and the Defendants. The Trustee has moved for summary judgment on the issue of whether the Deed to transfer the real property adequately provided constructive notice to a subsequent bona fide purchaser. Defendants moved for summary judgment on the same issue. Under Georgia law, when a deed is "duly signed, witnessed, filed, recorded, and indexed on the appropriate county land records, such recordation shall be deemed constructive notice to subsequent bona fide purchasers." O.C.G.A. §44-14-33. Here, the parties have both agreed that the transfer took place and that the Deed was properly recorded; the parties also agree that the Deed was signed by two witnesses. The issue is not whether the Deed was properly attested to, rather whether the Deed provided constructive notice. The Court finds that the attestation by the Defendant-Grantee qualifies as a latent defect and as such, the Deed was capable of providing constructive notice. As a result, the Court concludes that the Defendants, Jack Goforth and Lana Stone, are entitled to summary judgment.